IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 93-3803

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE BADEAUX,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

(December 22, 1994)

Before HIGGINBOTHAM, SMITH, and PARKER, Circuit Judges.

PER CURIAM:

A federal jury convicted Rene Badeaux of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) and of maintaining his residence for the purpose of manufacturing marijuana in violation of 21 U.S.C. § 856(a)(1). In addition to the convictions, the jury returned a special verdict finding Badeaux's residence subject to forfeiture pursuant to the government's notice of forfeiture under 21 U.S.C. § 853(a)(2).

During the sentencing hearing, the court inquired as to Badeaux's position on the government's motion to forfeit his property. The following exchange occurred between the court, counsel for the United States, and Badeaux's lawyer:

MR. BIZAL:     Your Honor, I was faxed a copy of [the government's motion to forfeit] yesterday, and I have had a chance to look at it. I don't think that there is any question under the existing law that you have no choice but to forfeit it. What I would like to do is reserve Mr. Badeaux's right to argue that it is a disportionate [sic] taking.

And I am not sure, under the most recent Supreme Court case that came down, if I have to do that prior to the court ordering the forfeiture, or if that is an issue purely to be brought up on appeal. I don't know if I need to reserve my right to bring that up on appeal prior to the order being directed.

THE COURT:     Why don't we leave it this way? There certainly is no great urgency from the Government's standpoint. Even if they said they [sic] were, I would say there is not, and I'm sure you wouldn't say there is.

MR. EIG:       No.

THE COURT:     I will give you until Monday, but don't go past that to respond one way or another to me: "Yes," you have something to submit, or "No," you don't. If you have something, submit it.

No filing was made by Badeaux or his lawyer in opposition to the motion to forfeit. The district judge concluded that § 853(a) required him to order the forfeiture. Accordingly, on November 8, 1993, an order of forfeiture was entered and the house was seized.

Badeaux claims that the district court erred by failing to determine whether the forfeiture of his residence violated the Eighth Amendment's prohibition against excessive fines. However, as the above exchange and Badeaux's subsequent inaction demonstrate, Badeaux failed to properly preserve error on the issue. Moreover, this is not a case of plain error since this circuit has yet to articulate a method of inquiry or even a test

2

for determining whether a criminal forfeiture is excessive.  <u>See</u> <u>United States v. Olano</u>, 113 S. Ct. 1770, 1777 (1993) (error not plain when law is uncertain); <u>United States v. Calverley</u>, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc) (same).

For these reasons the district court's order of forfeiture is AFFIRMED.