# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2012

Lyle W. Cayce
Clerk

No. 11-50580
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL GELAICO HERNANDEZ, also known as Daniel Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-242-3

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Daniel Gelaico Hernandez appeals his guilty plea convictions for one count of conspiracy to distribute at least 500 grams of methamphetamine and 5 kilograms of cocaine and one count of conspiracy to commit money laundering. He also appeals the district court's imposition of a $2,000,000 forfeiture money judgment for which he was jointly and severally liable with co-conspirators.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Regarding his conviction, Hernandez contends that the district court erred by failing to advise him during his guilty plea hearing of the possible forfeiture applicable in his case.  *See* FED. R. CRIM. P. 11(b)(1)(J).  Plain error review applies to this issue because Hernandez did not object on this ground in the district court.  *See United States v. Vonn*, 535 U.S. 55, 59 (2002).  To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  To demonstrate an effect on his substantial rights based on the district court's failure to comply with Rule 11(b)(1)(J), Hernandez "must show a reasonable probability that, but for the error, he would not have entered the plea."  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The record reflects that Hernandez was aware of the possible forfeiture before he pleaded guilty.  His indictment, which he admitted reviewing with his attorney before his rearraignment, contained a notice of the government's demand for the forfeiture.  The forfeiture was also brought to light by his presentence report and two motions by the government after his rearraignment, and Hernandez never disputed the forfeiture.  Hernandez's assertions that he "may have believed" the government would not pursue the forfeiture and that the possibility of a $2,000,000 money judgment "may have been a concern" are insufficient to satisfy his burden under plain error review.  *See Dominguez Benitez*, 542 U.S. at 83.

Regarding forfeiture, Hernandez contends that the district court erred by issuing a forfeiture judgment against him, and, alternatively, that there is no evidence to support a forfeiture amount exceeding the $234,840 for which he was personally accountable in the conspiracy.  As these challenges are raised for the first time on appeal, plain error review applies to them as well.  *See United States v. Gasanova*, 332 F.3d 297, 300 (5th Cir. 2003); *United States v. Badeaux*,

No. 11-50580

42 F.3d 245, 246 (5th Cir. 1994).  The district court did not commit error, plain or otherwise, in imposing a forfeiture judgment against Hernandez.  *See* 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(a)(1), (2).

Additionally, Hernandez fails to cite any authority for his contention that the forfeiture against him should have been limited to the amount corresponding to his personal involvement in the conspiracy and has thus waived the issue. *See United States v. Olguin*, 643 F.3d 384, 399 (5th Cir.), *cert. denied*, 132 S. Ct. 432 (2011), *and cert. denied*, 132 S. Ct. 439 (2011).  In any event, his bare argument is insufficient to satisfy his burden under plain error review of showing that the district court committed clear or obvious error in its application of § 853(a)(1) and (2) and § 982(a)(1).  *See Olguin*, 643 F.3d at 399; *United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007) ("An error is considered plain, or obvious, only if the error is clear under existing law.").

AFFIRMED.